

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,346-01

### EX PARTE CARLTON DONNELL TERRELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1506164-A IN THE 182ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to forty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Terrell v. State*, No. 14-18-00790-CR (Tex. App.—Houston [14th Dist.] del. Jul. 16, 2019). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant claims that the State violated *Brady*, that the State obtained a false identification of him at trial, and that trial and appellate counsel were both ineffective. *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984).

The State disclosed evidence after trial that the complainant, who testified and identified Applicant at trial, had an alias and a prior criminal history, which included compelling prostitution of a minor, transportation of untaxed tobacco products, theft of property greater than $500 and less than $1,500, illegal use of food stamps less than $200, conspiracy to smuggle and transport illegal aliens into the United States, and bringing illegal aliens into the United States for financial gain. Applicant says, "[This *Brady* evidence] would have explain[ed] some of what I stated in my testimony. Also [it would have] show[n] that the complainant wasn't [an] innocent victim in this case or law abiding citizen." There are no findings on the claim.

Applicant says no witness identified him after the offense although shown photo lineups within hours of the robbery, and he says one of the witnesses picked out two different people in separate photo lineups. He says the prosecutor, on the day of but before trial, had Applicant brought into the courtroom to be viewed by at least one witness, and then at trial the witnesses were "100% sure I was one of the criminals." He questions: "How's that, after 2½ [years] had passed they was 100% sure and about 2 [hours] after the crime was committed they didn't pick me out of the photo spread?" There are no findings on the claim.

The *Brady* evidence was disclosed to both trial and appellate counsel after trial. It is not clear whether either counsel addressed the evidence in a motion for new trial, and appellate counsel filed a brief in accordance with *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967). Applicant complains that both his trial and appellate counsel provided ineffective assistance regarding the *Brady* evidence. Applicant also complains that trial counsel failed to effectively represent him at trial regarding other witnesses, including a police detective who he says falsely changed her testimony after speaking with trial counsel, and a witness Applicant says trial counsel frightened into not testifying on his behalf.

There is no response from either trial or appellate counsel or findings from the trial court regarding the claims.

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law resolving the disputed factual issues. The trial court may also make any other findings and conclusions that it deems appropriate. The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021

Do not publish